## In re STATE QUESTION NO. 168, INITIATIVE PETITION NO. 113.
## TAYLOR v. KING.

No. 23127. Opinion Filed May 3, 1932.

W. D. Humphrey, T. J. Leahy, and Baxter Taylor, for plaintiff.

J. Berry King, Atty. Gen., for defendant.

HEFNER, J. This is an appeal by Baxter Taylor from the form of ballot title prepared by the Attorney General and filed with the Secretary of State, to a proposed initiative measure designated State Question No. 168, Initiative Petition No. 113.

Appellant is the proponent of the measure, and in due time filed a copy thereof with the Attorney General, together with the proposed ballot title, as provided by section 6632, C. O. S. 1921, which, in part, provides:

"When a measure is proposed * * * by initiative petition, whether as an amendment to the Constitution or as a statute, it shall be the duty of the parties submitting such proposition to prepare and file one copy of same with the Secretary of State and one copy with the Attorney General, such copies to contain a ballot title of not exceeding 100 words. which shall contain the gist of the proposition without any argument or statement either for or against such measure. Within three days after the

filing of such copy and ballot title with the Attorney General, he shall, in writing, notify the Secretary of State whether or not such proposed title is in legal form and in harmony with the law. Should such title not be in proper form in the opinion of the Attorney General, it shall be his duty, within said three days, to prepare and file a title which does conform to the law. Within five days after the receipt of the notice of approval by the Attorney General, or of a revised or amended title from him, the Secretary of State shall transmit to the Secretary of the State Election Board an attested copy of the pending proposition, including such approved title: Provided, however, that should an appeal be prosecuted from such ballot title within the time specified by the following section, then the Secretary of State shall certify to the Secretary of the State Election Board the title which is finally approved by the Supreme Court. * * *"

Appellant submitted to the Attorney General the following ballot title:

"That section 9, of article X of the Constitution of Oklahoma, authorizing the levy of ad valorem taxes upon personal and real property, be amended by **fixing the limitation thereon** upon personal property **at not** exceeding 23 mills in any taxable year, and limiting ad valorem taxes on real estate to not exceeding 15 mills in any taxable year; abolishing the ad valorem tax levy for state purposes; authorizing additional taxes for school purposes of not exceeding 18 mills and an additional levy for bonded indebtedness, and fixing the apportionment of all taxes."

It was the opinion of the Attorney General that the title as prepared and filed with him was not in proper form; same was rejected by him and he prepared and filed with the Secretary of State the following:

"That section 9, article X, Constitution, be amended by limiting ad valorem rate upon personal property to not exceed 23 mills, upon real property to not exceed 15 mills, and apportioning same to subdivisions of government; prohibiting levy of ad valorem taxes for state purposes; permitting counties to levy not exceeding eight mills additional on all property for schools; permitting school districts by majority of all voters in district at election held under supervision of county election board to increase rate not exceeding ten mills; and permitting additional levies for bonds and debts existing when amendment becomes effective."

The only objection raised by appellant to the ballot title prepared and filed by the Attorney General is that it contains the following words: "* * * prohibiting levy of ad valorem taxes for state purposes"; and it should have contained the following words used by appellant in the title prepared by

him: "* * * abolishing the ad valorem tax levy for state purposes."

As we view it, there is no material difference between the wording of the title prepared and filed by proponent and that filed by the Attorney General. We think, however, this is immaterial. The statute designates the Attorney General as the officer by whom the ballot title shall be approved, and further provides that if, in his opinion, the title submitted by the proponent does not conform to the law, he shall prepare and file a ballot title. The law does not authorize an appeal from the ruling of the Attorney General in disapproving the title submitted by the proponent of the measure; it only authorizes appeal from the title prepared by the Attorney General.

This court, on appeal under the statute, is vested with some discretion in the matter; it may accept the title prepared by the Attorney General; it may accept the substitute title offered by the appellant; or it may itself prepare the same. In our opinion, where the ballot title prepared by the Attorney General complies with the law and contains such a gist of the proposed measure as fairly submits to the people the proposition to be voted upon, the ballot title prepared by him should, as a general rule, be accepted and approved by this court.

The ballot title prepared by the Attorney General is approved and adopted and the cause remanded to the Secretary of State.

LESTER, C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY, J., absent.